Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road Suite 200-B
Chula Vista, CA 91910
Phone: (619) 476-0030; Fax: (775) 898-5471
jeremy@goldencardona.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM A. BERGMAN,<br><br>      Plaintiff,<br><br>v.<br><br>TESLA, INC.; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.: '20 CV1026 WQHBGS<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1)      This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

////

1
COMPLAINT AND DEMAND FOR JURY TRIAL

## II. PARTIES and VENUE

2) Plaintiff William A. Bergman is a natural person residing in Oceanside, CA.

3) Defendant TESLA, INC. ("Tesla") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 3500 DEER CREEK RD., PALO ALTO, CA 94304.

4) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5) Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

## III. FACTUAL ALLEGATIONS

6) In January 2016, Plaintiff entered into a solar panel Power Purchase Agreement ("PPA") with Solar City.

7) Pursuant to the terms of the PPA, monthly charges are based on the price per kilowatt multiplied by the actual kilowatt output for the month.

8) Nothing was due for installation costs, at time of singing the PPA, and for the building inspection.

9) Plaintiff is current on his monthly payments based on the terms of the PPA and has never been in default.

10) On a date unknown, Solar City was purchased by, merged with, or otherwise came under the ownership and control of Defendant Tesla.

11) Following the transfer of Solar City to Tesla, Tesla began reporting the PPA to Plaintiff's Equifax credit file, contrary to the terms of the PPA, as an installment contract with a high credit of $34,145 and a balance amount of $29,115 as of May 2, 2020.

12) Tesla's reporting thus makes it appear Plaintiff owes money he in fact does not owe under the PPA.

13) Plaintiff disputed in writing the incorrect and misleading credit information with Equifax.

14) Tesla did not change the manner in which it reported the incorrect and misleading credit information.

15) Equifax provided Plaintiff a written response to his dispute that continued to contain the incorrect and misleading credit information.

16) Plaintiff suffered damage to his creditworthiness and emotional distress as a result of Defendants' conduct in their failures to address his credit concerns.

## IV. FIRST CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

17) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

18) Tesla violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Reporting Agency ("CRA"); and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRA.

19) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

20) The Defendants' unlawful conduct was willful.

21) Plaintiff is entitled to recover damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§1681n and/or 1681o.

//

//

## V. SECOND CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

22) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

23) Tesla violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that it knew or should have known was incomplete or inaccurate.

24) As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

25) Defendants' violations were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual and punitive damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;

(b) Punitive damages;

(c) Statutory damages;

(d) Costs and reasonable attorney's fees; and

(e) For such other and further relief as the Court may deem just and proper including but not limited to an order to correct the inaccurate credit information.

Date: June 4, 2020                    /s/ Jeremy S. Golden_____
                                      Jeremy S. Golden
                                      Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 4, 2020                    /s/ Jeremy S. Golden_____
                                      Jeremy S. Golden
                                      Attorney for Plaintiff